William KYNE, individually and as President of Buffalo Section, Westinghouse Engineers Association, Engineers and Scientists of America, a Voluntary Unincorporated Labor Organization, P. O. Box No. 2528, Cheektowaga, New York, Plaintiff,

v.

Boyd S. LEEDOM, Abe Murdock, Philip Ray Rodgers, Stephen S. Bean, individually and as Chairman and Members of and constituting the National Labor Relations Board, Defendants.

Civ. A. No. 2909-56.

United States District Court
District of Columbia.
Dec. 19, 1956.

598

Mayer, Weiner & Mayer, New York City, Jaffee & Dunau, Washington, D. C., for plaintiff.

T. C. Kammholz, Gen. Counsel, Stephen Leonard, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Norton J. Come and John E. Jay, Attys., Washington, D. C., for defendants.

Reilly, Wells & Rhodes, Washington, D. C., amicus curiae for Engineers Joint Counsel.

Milton F. Lynch, Washington, D. C., amicus curiae for National Soc. of Professional Engineers.

MATTHEWS, District Judge.

This cause came on to be heard on October 24, 1956, on defendants' motion to dismiss the complaint or, in the alternative, for summary judgment in their favor, and on plaintiff's cross-motion for summary judgment in his favor. The Court, having heard argument, considered the memoranda submitted by the parties and amici,[1] and being fully advised in the premises, makes the following findings of fact and conclusions of law:

### Findings of Fact

The pleadings and exhibits annexed thereto show, and the parties agree, that no genuine issue as to any material fact exists. Based thereon, the Court finds as follows:

1. Buffalo Section, Westinghouse Engineers Association, Engineers and Scientists of America, herein called the Union, is a voluntary unincorporated labor organization, maintaining its principal office for the transaction of its regular business at P. O. Box. No. 2528, Cheektowaga, New York. Plaintiff, William Kyne, is its president.

2. Membership in the Union is open to all non-supervisory professional engineers and scientists employed at the Cheektowaga, New York, plant of Westinghouse Electric Corporation. The Union exists for the purpose of enhancing the economic and professional status of engineers and scientists who are professional employees as defined in Section 2(12) of the Labor Management Relations Act, 1947 (herein called the Act), through collective bargaining with Westinghouse Electric Corporation. Section 2(12) of the Act provides that:

(12) The term "professional employees" means—

"(a) any employee engaged in work (i) predominantly intellectual and varied in character as opposed to routine mental, manual, mechanical, or physical work; (ii) involving the consistent exercise of discretion and judgment in its performance; (iii) of such a character that the output produced or the result accomplished cannot be standardized in relation to a given period of time; (iv) requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study in an institution of higher learning or a hospital, as distin-

---

1. The National Society of Professional Engineers and the Engineers Joint Council were granted leave to file memoranda in support of the plaintiff's cross-motion for summary judgment.

guished from a general academic education or from an apprenticeship or from training in the performance of routine mental, manual, or physical processes; or

"(b) any employee, who (i) has completed the courses of specialized intellectual instruction and study described in clause (iv) of paragraph (a), and (ii) is performing related work under the supervision of a professional person to qualify himself to become a professional employee as defined in paragraph (a)."

3. Westinghouse Electric Corporation is engaged in an industry or activity affecting commerce within the meaning of Sections 2(6) and 2(7) of the Act.

4. On or about October 14, 1955, plaintiff filed a petition for certification of representatives with the Regional Director of the National Labor Relations Board for the Third Region, alleging that a substantial number of employees, occupying the job descriptions of Engineer Assistant, Engineer Associate, Engineer, Engineer Senior, and Engineer Fellow, at the Cheektowaga, New York, plant of Westinghouse Electric Corporation, wish to be represented for purposes of collective bargaining by the Union, and the Union desires to be certified as the representative of these employees pursuant to Sections 9(a) and (c) of the Act. The petition was given Case No. 3–RC–1634 by the Regional Director of the National Labor Relations Board for the Third Region.

5. Upon the petition filed by plaintiff, a hearing was conducted on March 7 and 8, 1956, in Buffalo, New York, by an officer duly designated by the Regional Director, pursuant to Section 9(c) of the Act. At the hearing, by amendment to the petition, the Union sought to represent all professional employees within the meaning of Section 2(12) of the Act at the Cheektowaga, New York, plant of the Westinghouse Electric Corporation. These included, in addition to the five categories originally named in the petition (listed in paragraph 4 above), the further five categories of Manufacturing Engineer, Manufacturing Engineer Senior, Plant Layout Engineer, Methods Engineer, and Purchasing Engineer.

6. At the hearing, Buffalo Salaried Employees Association, Incorporated, a labor organization, was permitted to intervene in the proceedings. The Intervenor alleged that, in addition to the ten categories sought by plaintiff in the amended petition (listed in paragraphs 4 and 5 above), the further categories of Engineer Order Service, Engineer Test Record, Engineer Contact, Order Correspondent Master, and Safety Inspector were also comprised of professional employees within the meaning of Section 2(12) of the Act and should be included within the bargaining unit together with all the professional employees covered by the amended petition.

7. On May 28, 1956, the National Labor Relations Board, whose Chairman and Members comprise the defendants herein, issued its Decision and Direction of Election in the representation proceeding, reported at 115 NLRB No. 228. The Board found that the ten categories sought to be included in the bargaining unit by plaintiff comprise professional employees within the meaning of Section 2(12) of the Act. It further found that the additional categories sought by the Intervenor—Engineer Order Service, Engineer Test Record, Engineer Contact, Order Correspondent Master, and Safety Inspector —do not comprise professional employees within the meaning of Section 2(12) of the Act. The Board further concluded that the non-professional employees occupying the 3 job classifications of Engineer Order Service, Engineer Test Record, and Engineer Contact, shared a "close community of employment interests" with the professional engineers, in that these employees "have had considerable education and experience in the engineering field, are oc-

casionally transferred to the professional engineering categories, work in the same general area and under common supervision with the admittedly professional engineering employees, spend much of their time collaborating and consulting with these professional employees," and were "included with the admittedly professional engineers in the voting group in the 1946 election" conducted by the Board. Under these circumstances, and, as "the addition of the 9 employees in these categories to the unit of 233 employees stipulated to be professional would [not] destroy the predominantly professional character" of the unit proposed for the professional employees, the Board included the 3 non-professional job classifications in the professional unit. Accordingly, the Board determined the appropriate unit to be, as follows:

All professional employees, including the categories of engineer assistant, engineer associate, engineer, engineer senior, engineer fellow, manufacturing engineer, manufacturing engineer senior, plant layout engineer, methods engineer (formerly time and motion analyst), purchasing engineer, engineer order service, engineer test record, and engineer contact, but excluding the categories of machine designer, order correspondent master, and safety inspector, all other employees, guards and supervisors as defined in the Act.

Thus the Board found that all professional employees at the Cheektowaga, New York, plant of Westinghouse Electric Corporation, including the ten named categories sought by plaintiff, *plus* three categories of non-professional employees —Engineer Order Service, Engineer Test Record, and Engineer Contact—constitute an appropriate unit for the purposes of collective bargaining within the meaning of Section 9(b) of the Act. The Board directed that, not later than thirty days from the date of its Direction, an election be conducted among the employees in this unit to determine whether or not they desire to be represented, for purposes of collective bar-

gaining, by the Union, by the Intervenor, or by neither. The Board refused to direct a vote among the professional employees as such to decide whether or not they wished to be included in a unit together with the non-professional employees.

8. On June 7, 1956, plaintiff filed with the National Labor Relations Board a Motion To Stay Election, Reconsider And Amend Decision And Direction Of Election, And Request For Oral Argument. Plaintiff alleged that the Board acted in excess of its statutory authority by including, in the same bargaining unit, professional and non-professional employees without having first accorded such professional employees an opportunity to determine by majority vote whether or not they wished to be included in such unit, as required by Section 9(b) (1) of the Act. Section 9(b) (1) provides that:

"* * * the Board shall not (1) decide that any unit is appropriate for such [collective bargaining] purposes if such unit includes both professional employees and employees who are not professional employees unless a majority of such professional employees vote for inclusion in such unit * * *."

On June 13, 1956, the Board denied this motion.

9. On June 14, 1956, an election by secret ballot was held under the direction of the Regional Director of the National Labor Relations Board for the Third Region among the employees in the unit found appropriate by the Board, including the non-professional employees, without the professional employees having been first accorded an opportunity to determine by vote whether or not they wished to be included in such unit. Of the 226 valid votes cast, 126 valid votes were cast for the Union, it thereby receiving a majority of the valid votes cast. On June 21, 1956, the Union was certified by the Regional Director of the National Labor Relations Board for the Third Region, acting on behalf of

the National Labor Relations Board, as the exclusive bargaining representative of the professional and non-professional employees at the Cheektowaga, New York, plant of the Westinghouse Electric Corporation, in the unit that the Board had found appropriate.

10. On July 12, 1956, the plaintiff filed his complaint in this Court. Plaintiff alleged that defendants, Chairman and Members of and constituting the National Labor Relations Board, exceeded the scope of their statutory authority in refusing to direct a vote among the professional employees as such to determine whether they wish to be included in the unit with non-professional employees; and that the consequence of that refusal is irreparably to deny and destroy the statutory right to have a unit include only professional employees unless a majority of the professional employees vote for the inclusion of non-professional employees. Plaintiff prayed for a permanent injunction requiring defendants to set aside the Decision and Direction of Election, to the extent that it failed to provide for an election among the professional employees to determine whether or not a majority of them desired to be included within a unit with non-professional employees; to set aside the election conducted on June 14, 1956; to set aside the certification of representatives dated June 21, 1956; and enjoining the defendants from processing the petition unless it conducted its investigation to ascertain representatives for purposes of collective bargaining as required by Section 9(b) (1) of the Act.

### Conclusions of Law

1. This Court has jurisdiction to entertain the merits of the complaint inasmuch as the question presented for determination is whether or not defendants exceeded the scope of their statutory authority under the terms of Section 9(b) (1) of the Labor Management Re-

lations Act, 1947. Farmer v. United Electrical Workers, 93 U.S.App.D.C. 178, 211 F.2d 36, 40, certiorari denied 347 U.S. 943, 74 S.Ct. 638, 98 L.Ed. 1091; DePratter v. Farmer, 98 U.S.App.D.C. 74, 232 F.2d 74, 75.

2. The defendants found that professional and non-professional employees together comprise a unit appropriate for purposes of collective bargaining without first conducting a separate election among the professional employees to determine whether a majority of them favor inclusion within a unit with non-professional employees. Section 9(b) (1) of the Act states explicitly that "the Board *shall not* (1) decide that any unit is appropriate for such purposes if such unit includes both professional employees and employees who are not professional employees unless a majority of such professional employees vote for inclusion in such unit * * *." (Emphasis added.) The Board has no statutory warrant to disregard this mandatory limitation upon its authority because in its view the commingling of professional and non-professional employees would not "destroy the predominantly professional character of such a unit," without conducting the requisite election in which a majority of such professional employees vote for inclusion in such unit. The refusal of defendants to conduct the required election works irreparable harm to the statutory right that an appropriate unit for collective bargaining purposes shall include only professional employees unless a majority of them vote for the inclusion of non-professional employees within the unit.

3. Accordingly, defendants' motion to dismiss the complaint or, in the alternative, for summary judgment is denied; the plaintiff's motion for summary judgment is granted; and an appropriate order in conformity herewith will be entered.