**SOUTH CENTRAL BELL TELEPHONE COMPANY**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.**

Civ. A. No. 68-868.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Jan. 21, 1970.

Michael J. Molony, Jr. of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for plaintiff.

Lee A. Satterfield, Justice Dept., Washington, D. C., for EEOC.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMISKEY, District Judge.

This cause was heard on November 3, 1969, before the above captioned Court, and the Court having considered all of the documents filed with respect to said cause, the pleadings, affidavits, answers to interrogatories, agreed facts and stipulations on file and entered into in this cause; and having also considered the testimony of the witnesses called and the exhibits filed in this cause at trial held November 3, 1969; and having considered the arguments of counsel; and the Court being fully advised in the premises, now makes its Findings of Fact and Conclusions of Law, as follows:

### FINDINGS OF FACT

On January 24, 1967, Mrs. Helen J. Roig (hereinafter Charging Party) filed a charge of discrimination with the Equal Employment Opportunity Commission, Respondent herein (hereinafter EEOC or Commission), against the predecessor of South Central Bell Telephone Company, Petitioner herein (hereinafter South Central). (South Central Exhibit No. 1) This charge alleged, in substance that the Charging Party, though classified and paid as a Plant Clerk, was actually performing the duties of a Test Deskman and Test Desk Foreman, two classifications carrying a higher pay rating than that of Plant Clerk.

On May 9, 1967, the charging Party filed an amended charge of discrimination with the Commission against South Central which, in substance, indicated that the discrimination complained of in the original charge of January 24, 1967, began on or about July 1, 1964, and had continued to and including the date of the amended charge.

Prior to the above events, Mrs. Roig had filed another charge of discrimination with the Commission against the predecessor of South Central on March 22, 1966. With respect to this charge, which alleged that South Central had discriminatorily rejected her bid for a Test Deskman position, the Commission found reasonable cause to believe that its allegations were true on February 6, 1967, and notified Mrs. Roig that its efforts to conciliate the case had failed on March 22, 1967. Subsequently, on April 20, 1967, Mrs. Roig filed a Civil Action against South Central in another division of this Court, which Civil Action was assigned Case No. 67–574, Section B. (Southern Bell Exhibits 4, 4(a) and 4(b).

Charging Party's charge and amended charge of January 24 and May 9, 1967, respectively, were assigned Case No. N. O. 7–1–65 by the Commission for processing and investigation, and only those charges were so designated by the Commission (South Central Exhibits 8 and 10, Interrogatory No. 1 and Further Answer to Interrogatory No. 1, respectively).

The Commission, pursuant to its responsibilities under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–15 (1964), initiated an investigation of Case No. N.O. 7–1–65 and, pursuant thereto, requested that South Central supply it with certain documents and make available certain supervisors for the purpose of oral examination. These requests were complied with, in part, by South Central. However, South Central refused to make available certain documentary evidence and instructed the supervisory personnel interviewed by the Commission to decline to answer any questions relating to matters occurring more than ninety days prior the filing of the original charge of discrimination on January 24, 1967, i.e., prior to October 24, 1966, or which would require reference to any of its facilities other than the Franklin Test Center. (Affidavit of Lee A. Satterfield, paragraphs 6 and 7; Testimony of Eugene

C. Wise, Milton M. Moore and Edgar P. Gautreaux)

The Commission sought to examine three supervisors, i.e., Milton M. Moore, Edgar P. Gautreaux and Eugene C. Wise, on December 20, 21 and 26, 1967, respectively. Mr. Moore answered, to the extent of his knowledge all questions propounded to him on December 20, 1967. Mr. Gautreaux specifically declined to answer 74 questions on the ground that they referred to matters occurring prior to October 24, 1966 (Questions Nos. 3, 6, 15, 16, 19, 27, 29, 32–34, 38, 55, 60–64, 68, 71–80, 89–93, 95–108, 128, 129a, 130a, 131a, 132a, 133a, 134a, 141a, 142a, 143, 144, 146, 147, 152, 164, 168, 170, 174–176, 178, 180a, 183, 220, 250, 253, and 254). Additionally, Mr. Gautreaux declined to answer Question 250 for the additional reason that a response would require reference to operations at South Central facilities other than the Franklin Test Center, the facility at which the Charging Party was employed. Mr. Wise specifically declined to answer 52 questions on the ground that they referred to matters occurring prior to October 24, 1966 (Questions Nos. 15, 16, 27, 28, 41–43, 46, 60–64, 68, 79–83, 88, 90, 91, 93–106, 108, 134, 141a, 142a, 164, 168, 170, 174, 176, 179, 180a, 276, 277, and 280–282). Additionally, Mr. Wise declined to answer Questions 152 and 256 on the grounds that his answers would be "irrelevant" or "confusing", respectively. (South Central Exhibits Nos. 5, 6 and 7).

On April 9, 1968, the Commission served upon South Central a Demand for Access to Evidence which sought access to the documentary evidence which South Central had declined to supply voluntarily and to compel full answers to the questions propounded to the supervisors referred to in Finding No. 6 (South Central Exhibit No. 3; Affidavit of Lee A. Satterfield, Paragraphs 6 and 7).

On April 25, 1968, South Central filed a Petition to Set Aside Demand. In connection with said Petition, the Court specifically finds that South Central has not raised the defense of burdensome-ness in Paragraph 8 of the Petition, with reference to Items 1–5 of the Demand, and that such defense is only raised in Paragraph 9 of the Petition, with reference to Item 6 of the Demand, wherein South Central alleges that the document sought in said Item is unavailable to it.

On July 5, 1968, the Commission filed its Answer and Petition for an Order to Enforce the Commission's Demand for Access to or Production of Documents.

Time records for the Charging Party, at various times within the period covered by the Commission's Demand, were maintained on Form No. 6917 instead of Form 3103R. (Testimony of Eugene C. Wise)

Neither production of the documentary evidence sought in the Demand nor the making available of supervisors Wise and Gautreaux to supply additional answers to the questions propounded by the Commission would impose an undue burden upon South Central.

The Charging Party was reassigned from the position of Plant Clerk at South Central's Franklin Test Center on August 4, 1968.

South Central has not made available to the Commission any of the documentary evidence sought in the Demand, nor has it permitted supervisors Wise and Gautreaux to supply additional information in response to the questions propounded to them by the Commission on December 21, and 26, 1967, respectively.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this action pursuant to the provisions of § 710(b) and (c) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–9(b) and (c) (1964).

The Petitioner, South Central, is an employer within the meaning of § 701(b) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b) (1964).

Pursuant to § 710(c) of the Title, 42 U.S.C. § 2000e–9(c) (1964), South Central's grounds for objection to enforcement of Commission's Demand for Ac-

cess are limited to those set out in its Petition of April 25, 1968.

■ The scope of the Commission's investigation is not limited to the Franklin Test Center, and Supervisor Gautreaux's refusal to answer Question No. 250 for this reason is not sustained.

■ The scope of the Commission's investigation is not limited to events occurring within the 90 to 180 day period immediately preceding the filing of the charge of discrimination under investigation, and the refusal of Supervisors Gautreaux and Wise to answer questions propounded to them on December 21 and 26, respectively, for this reason is not sustained.

■ The fact that South Central and the Charging Party are currently involved in litigation pursuant to § 706(e) of the Title, 42 U.S.C. § 2000e–5(e) (1964), which litigation is based upon a charge or charges of discrimination, other than that sought to be investigated by the Commission herein, does not constitute a defense to the enforcement of an otherwise valid Demand for Access to Evidence.

All documentary evidence sought in Items 1–10 of the Demand and all questions propounded to and left unanswered by Supervisors Gautreaux and Wise, as specifically enumerated in Finding No. 6, are reasonably relevant to the charge and amended charge under investigation.

Item 11 of the Demand is viewed by the Court as seeking the production of documentary evidence, limited to the specific information sought in Items 1–10 of the Demand, e.g., training records, time records, etc., which are maintained by South Central in a form different from or at locations other than those specifically enumerated in said Items of the Demand. As so limited and construed Item 11 of the Demand is not subject to the objections of vagueness, indefiniteness and burdensomeness raised by Petitioner.

The documentary evidence sought in Items 1–10 of the Demand shall be furnished for the period to and including August 5, 1968, the date Charging Party ceased her employment with South Central at the Franklin Test Center.

Final judgment shall be entered requiring South Central to make available to the Commission all documentary evidence sought in the Demand, and to make available Supervisors Gautreaux and Wise for the purpose of answering the questions propounded by the Commission as specified in Finding 6. The parties will be directed to agree upon a specific time schedule with respect to the supplying of such documentary evidence and making available said supervisors within ten (10) days from the entry of said judgment, and the Court will retain jurisdiction to ensure compliance therewith.