**BOWATERS SOUTHERN PAPER CORPORATION, Petitioner-Appellee,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Respondent-Appellant.**

**No. 19824.**

United States Court of Appeals, Sixth Circuit.

June 11, 1970.

David W. Zugschwerdt, Attorney, Equal Employment Opportunity Comm., Washington, D. C., Russell Specter, Acting Gen. Counsel, Washington, D. C., on the brief, for appellant.

James Smith, Atlanta, Ga., and John T. Henniss, Chattanooga, Tenn., Constangy & Prowell, Atlanta, Ga., Witt, Gaither, Abernathy & Wilson, Chattanooga, Tenn., on the brief, for appellee.

Before CELEBREZZE and BROOKS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

## PER CURIAM.

In proceedings under the Civil Rights Act of 1964, appellant Commission filed a motion for enforcement of its Demand for Access to Evidence from appellee company's records regarding various matters with respect to its employees, and its employment practices. The Demand was made pursuant to Section 710 of the Civil Rights Act of 1964, 42 U.S.C.A. Section 2000e–9. The District Court denied appellant Commission's motion on the ground that the charge on which the Demand was founded did not state the facts on which the charge was based, as specifically required by the Act, 304 F.Supp. 33.

On this appeal, it appears that the Commissioner, as the designated representative of appellant Commission, in his charge stated:

"Pursuant to Section 706(a) of the Civil Rights Act of 1964 [42 U.S.C.A., Section 2000e–5], I charge the following company with unlawful employment practices:

BOWATERS SOUTHERN PAPER CORPORATION
Calhoun, Tennessee 37309."

The Commissioner followed this charge by the following statement:

"I have reasonable cause to believe said company is within jurisdiction of the Equal Employment Opportunity Commission and has engaged in the following unlawful employment practices:

1. Maintenance of racially restricted job classifications.
2. Discriminatory use of tests, restricting Negro employees to lower paying jobs.
3. Denial to Negro employees of opportunity to participate in apprenticeship and on-the-job training programs.

JUL 19 1967    s/ Samuel Jackson
Date               Commissioner"

The only issue is whether the Commissioner, after making the above-mentioned charge stated the facts on which that charge was based. Appellant Commission says that the Commissioner did state the facts on which the charge was based; the appellee company says that he did not.

■ It is conceded that the Commissioner need not set forth the names of employees who have allegedly suffered discrimination, nor is the Commissioner obliged to reveal his sources of information, which might deter individuals from making complaints for fear of retaliation.

■ It is our view that, after making the above charge, the Commissioner stated the facts on which it was based, as being maintenance of racially restricted job classifications; discriminatory use of tests, restricting Negro employees to lower-paying jobs; and denial to Negro employees of the opportunity to participate in apprenticeship and on-the-job training programs. In fact, it is difficult to see what additional information the Commissioner should set forth as facts supporting his charge.

■ It is to be said that there is no constitutional prohibition to Congress permitting investigations of corporate behavior based upon nothing more than official curiosity, as Judge Wilson, in the District Court, pointed out, citing United States v. Morton Salt Company, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401.

Appellant Commission has cited to us, as sustaining its position that the charge set forth the facts on which it was based,

the following adjudications: South Central Bell Telephone Company v. E. E. O. C., D.C., 314 F.Supp. 349; Motorola, Inc. v. E. E. O. C., D.C. (decided December 31, 1969), and Blue Bell Boots, Inc. v. Equal Employment Opportunity Comm., 418 F. 2d 355 (1969) (C.A. 6). While those cases did not decide the question whether the charges in those cases were based upon the facts set forth by the Commissioner, nevertheless, they are notable for the fact that, although that question was not raised or decided in those cases, the statements of facts upon which the charge was based were almost identical to the facts as stated in the instant case as being those upon which the charge was based.

In accordance with the foregoing, the judgment of the District Court is reversed, and the case remanded with directions to grant the Commission's motion for enforcement of its Demand for Access to the Evidence, as requested.