**DRESSER INDUSTRIAL VALVE OPERATIONS**

v.

**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION**

Civ. A. No. 83–0283.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Jan. 9, 1984.

Richard B. Sadler, Jr., Provosty, Sadler & de Launay, Alexandria, La., Jones, Day, Reavis & Pogue, Andrew M. Kramer and Deborah Crandall, Washington, D.C., for plaintiff.

Constance L. Dupre, Legal Counsel, Nestor Cruz, Associate Legal Counsel, Stanley Kiszkiel, EEOC, Washington, D.C., John R. Halliburton, Asst. U.S. Atty., Shreveport, La., for defendant.

RULING

NAUMAN S. SCOTT, District Judge.

This matter is before us on a Motion to Stay the investigation of the Equal Employment Opportunity Commission (hereinafter "EEOC") into the employment practices of Dresser Industrial Valve Operations (hereinafter "Dresser") and two labor organizations representing Dresser's facilities in Alexandria, Louisiana. Dresser requested the investigation be stayed pending the Supreme Court's decision in *Shell Oil Co. v. EEOC*, 676 F.2d 322 (8th Cir. 1982), *cert. granted*, 459 U.S. 1199, 103 S.Ct. 1181, 75 L.Ed.2d 429 (1983), wherein the Eighth Circuit declared an open-ended charge similar to that filed against Dresser invalid for failing to satisfy the date and circumstances requirements of Section 706(b), Title VII, 42 U.S.C. § 2000e–5(b).

There are no issues of fact, and the question we decide here is strictly one of law. As noted by the EEOC in brief, Dresser in effect seeks an injunction against an EEOC investigation because the charge against it is allegedly facially invalid. Simply stated, the issue raised is whether the charge filed against Dresser complies with Section 706(b) of Title VII and the EEOC's own regulations, to-wit: 29 C.F.R. § 1601.-12(a)(3)(1981). On this question, we do not hesitate to approach the merits of Dresser's allegations.

The charge levied against Dresser states in full as follows:

### COMMISSIONER CHARGE

Pursuant to the authority contained in Sections 706 and 707 of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000(e), *et seq.*, I charge the employer and labor organizations listed below with unlawful employment practices occurring at or controlled from the employer's facility as listed:

Dresser Industries, Industrial Valve and Instrument Division

Alexandria Plant

P. O. Box 1430

Alexandria, Louisiana

Office and Professional Employees International Union, Local 465

International Association of Machinists and Aerospace Workers, Local 2518

I believe that the above-named employer and labor organizations are within the jurisdiction of the Equal Employment Opportunity Commission and have violated since July 2, 1965, and continue through the present to violate Section 703 and Section 707 of the Civil Rights Act of 1964, as amended, by unlawfully discriminating against blacks and women, because of their race and/or sex, with respect to recruitment, hiring, assignment, training, promotion, and other terms, conditions and benefits of employment.

Specifically, the employer's unlawful discriminatory practices include, but are not limited to:

1. Failing or refusing to recruit and/or select blacks and women, because of their race and/or sex, on an equal basis with whites and men.

2. Assigning blacks and women, because of their race and/or sex, to positions of lower pay, lesser responsibility, and fewer opportunities for advancement than positions to which similarly qualified whites and men are assigned.

3. Restricting and/or excluding blacks and women, because of their race and/or sex, from training and promotion opportunites equal to those afforded to whites and men.

4. Maintaining discriminatory job assignment policies and practices, and other terms and conditions of employment, which operate to disadvantage blacks and women, because of their race and/or sex.

Specific unlawful employment practices engaged in by both the employer and the labor organizations include, but are not limited to, maintaining seniority, posting, and bidding systems as well as other systems contained in the collective bargaining agreements which operate to perpetuate the effects of the employer's discriminatory hiring, assignment, promotion and training policies.

The persons aggrieved include all women and minorities who have been, continue to be, or may in the future be adversely affected by the unlawful employment practices complained of herein.

Under this charge, Dresser is accused of violating Title VII through its employment practices since the effective date of the Act, July 2, 1965. The allegations cover a period of time exceeding 18 years to date.

We agree that this charge is facially invalid because it does not set forth adequately the date and circumstances of the alleged unlawful employment practices as required by Section 706(b) of Title VII or 29 C.F.R. 1601.12(a)(3). We reach this conclusion finding that *Shell Oil, supra,* is a correct statement of the law under the

1972 amendments to Section 706(b), P.L. 92–261, § 4, 86 Stat. 104 (1972).

We note that the decisional law appears to be in serious conflict. Recently, two circuits have held that the use of the July 2, 1965 date failed to comply with the date and circumstances requirements of Section 706(b). *Shell Oil Co. v. EEOC, supra; EEOC v. K-Mart Corp.*, 694 F.2d 1055, 1063 (6th Cir.1982). Prior cases, including one from our Court of Appeals, held that a charge of discrimination couched in general terms is valid. See, e.g., *New Orleans Public Service, Inc. v. Brown*, 507 F.2d 160 (5th Cir.1975); *Graniteville Co. v. EEOC*, 438 F.2d 32 (4th Cir.1971); *Bowaters Southern Paper Co. v. EEOC*, 428 F.2d 799 (6th Cir.1970). However, this latter set of cases involved charges issued under Section 706(b) prior to the 1972 amendments. Thus, although we are mindful of the law in this circuit as set forth in *Brown, supra,* we question whether the Fifth Circuit would reaffirm its holding given more recent decisions and the 1972 amendments to Section 706(b).

In *Brown, supra,* the court held that a detailed charge containing statistical information was sufficient to commence investigatory procedures by the EEOC, including the power to subpoena relevant information. The court stated as follows:

"As we have stated, the trial court cited no case, and none is cited by the appellant, to conflict with the plethora of cases holding that charges similar to that involved here, even without the statistical information which the charge contains, are sufficient to commence the investigatory procedures by the commission, including the power to seek a subpoena for the kind of information sought here." *Id.* at 164. (Citations omitted).

Unlike the charge here or in *Shell Oil,* the *Brown* charge did not allege unlawful practice since the effective date of the Act, July 2, 1965. This is because Section 706(b) required only that the charge "set forth the facts upon which it is based". See *Id.* at 161, fn. 1. In 1972, however, Congress changed the law so that now the EEOC

must serve notice of the charge "(including the *date, place,* and *circumstances* of the alleged unlawful employment)", 42 U.S.C. § 2000e–5(b), as amended by P.L. 92–261, § 4, 86 Stat. 104 (1972) (emphasis added). As noted in *EEOC v. Dean Witter,* 643 F.2d 1334, 1337 (9th Cir.1980):

"The amended Section 706(b) varies in three basic respects relevant here: (1) Instead of needing 'reasonable cause', a Commissioner must make the charge 'under oath or affirmation', (2) Instead of stating in the charge the 'facts' upon which the charge is based, the Commissioner complaintant 'shall serve a notice of the charge', including the date, place and circumstances of the alleged employment practice; and (3) The amended Section 706(b) imposed the same charging requirements upon both the Commissioner and private complaints."

Faced with these new statutory requirements, the EEOC has ventured to use the July 2, 1965 date, the effective date of Title VII, in an effort to comply with the date requirement. The issue here is the propriety of the use of that date, a question left undecided by *Brown, supra,* but squarely confronted in *Shell Oil.*

In *Shell Oil,* the charge as amended alleged that Shell Oil had engaged in unlawful employment practices from July 2, 1965 to present. Shell argued that the July 2, 1965 date was not a good faith statement of the date of alleged unlawful practices. In addition, Shell argued that no factual circumstances were presented to provide a basis for believing Shell violated Title VII. The EEOC, on the other hand, contended that the oath requirements sufficiently protected employers from specious charges, and the charge complied with the date, place, and circumstances requirements of Section 706(b). In rejecting the EEOC's argument, the court found the charges deficient because they did not set forth adequately the date and circumstances of the unlawful practices. *Id.* at 325.

█ As noted above, Section 706(b) as amended requires that the EEOC service notice of the charge, including the date,

place and circumstances of the alleged unlawful practices. The EEOC's own regulations require that each charge contain "a statement of the facts, including pertinent dates, constituting the alleged unlawful practices." 29 C.F.R. 1601.12(a)(3). Thus, the EEOC must demonstrate there is *some basis in fact* for the use of the July 2, 1965 date, independent of its admitted significance of the date before which the employer could not be liable. *Shell Oil, supra,* at 325.* Accordingly, the EEOC must show through statistical information or otherwise that a foundation exists for believing unlawful practices occurred on that date. A good faith averment which alleges unlawful practices since a particular date, even though supported by an oath, is not enough. The charge must include other information "to more fully identify the information that has been used as the basis of the subpoena." *Id.*

■ Here, we find that the July 2, 1965 date without more does not satisfy the date requirement of Section 706(b) or the statement of facts requirement of 29 C.F.R. 1601.12(a)(3). There is no factual foundation in the charge for the use of that date; there is no information in the charge which sets forth the basis for believing that unlawful practices occurred on that date. In the absence of this factual basis, the employer has virtually no protection from an open-ended investigation. All employment data, without exception, becomes relevant to the EEOC's investigation merely because it falls within the time frame established by the EEOC. Accordingly, the employer has no notice of the "perimeters" of the investigation. *Id.*

In addition, Section 706(b) requires that there must be some factual or statistical basis to support the statement of circumstances. *Id.* at 326. This foundation "enables the parties to determine whether conciliation is an appropriate remedy and aids the court and the employer in determining what evidence is relevant for discovery and what records must be retained in accordance with the EEOC's regulations, 29 C.F.R. 1602.14(a) (1981)." *Id.* In this case, the EEOC has not complied adequately with the statement of circumstances requirement of Section 706(b). Cf. *Id.* (description of information which a charge should contain).

■ In sum, a charge which does not contain factual or statistical information to support the use of the July 2, 1965 date or the statement of circumstances fails to comply with Section 706(b) as amended and 29 C.F.R. 1601.12(a)(3). Without a rudimentary foundation, the employer is open for a "fishing expedition" whose duration, scope, and thoroughness are dependent solely on the investigatory agency. Although the legislative history of the 1972 amendments is not clear, see *Dean Witter, supra,* at 1337, we suspect that the changes were made primarily to avoid this result. We cannot perceive how these changes evince any intent other than to impose more onerous requirements on the EEOC than existed under prior law. The amendments clearly require more specificity.

We have no interest in curtailing the usefulness of the EEOC as an investigatory agency, but we believe that in order to proceed it must comply with its own regulations and statutory law. The new amendments do not require a detailed explication of facts at such an early stage, but they do require *some* factual basis in support of the date and the circumstances of the alleged unlawful practices. In this case the

* The Sixth Circuit has criticized the "some basis in fact" requirement as contrary to "well-established law." *EEOC v. K-Mart Corp., supra,* at 1063, fn. 7. That court perceives this requirement as tantamount to a statement of probable cause or reasonable cause to believe violations have occurred. We disagree. A reading of the date, place and circumstances requirement of 706(b) *in pari materia* with 29 C.F.R. 1601.-12(a)(3) leads us to conclude the EEOC has chosen to impose the statement of fact requirement upon itself in 1981 despite the settled law cited in *K-Mart Corp., supra.* Thus, we believe the *some basis in fact* requirement merely gives the EEOC's regulation its full effect, imposing a burden upon the EEOC which heretofore did not exist under prior law. Cf. *Id.* (Cases cited therein).

EEOC has not complied with these minimum requirements.

Accordingly, the EEOC's investigation of Dresser under the charge at issue is hereby enjoined until the EEOC amends its charge in the manner not inconsistent with *Shell Oil, supra,* or the views expressed herein, or at the latest, until the Supreme Court renders a decision in *Shell Oil.* Dresser is hereby instructed to prepare and submit an order in accordance with this ruling.