## UNITED ELECTRICAL, RADIO & MACH. WORKERS OF AMERICA (CIO) LOCAL 735 v. HARRIS–SEYBOLD CO.

No. 25739.

United States District Court
N. D. Ohio, E. D.

Sept. 7, 1948.

Davis, Davis & Handelman, of Cleveland, Ohio, for plaintiff.

James C. Davis (of Squire, Sanders & Dempsey), of Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for breach of contract between plaintiff labor union and defendant employer. The action was filed in the Common Pleas Court of Cuyahoga County and removed to this Court on the grounds of diversity of citizenship, defendant being a Delaware corporation, and an amount in controversy exceeding $3,000.

On July 13, 1948, defendant filed a motion to dismiss or, in the alternative, a motion for a more definite statement. On July 27, 1948, a stipulation was filed whereby the parties agreed that defendant's motion to dismiss be withdrawn and that plaintiff be permitted to amend its complaint to add new parties plaintiff. The amended complaint is to be filed following the ruling of the Court upon defendant's motion for a more definite statement.

The motion for a more definite statement is directed toward plaintiff's second cause of action which reads as follows: "For its second cause of action, plaintiff reavers all of the allegations and statements contained in its first cause of action as though fully re-written herein, and further says that ever since April, 1948, the defendant has failed and refused to carry out any and all of the provisions and terms of said agreement and amendment thereto, hereto attached, and that by reason thereof the defendant has breached the contract, and plaintiff has been damaged in the sum of One Hundred Thousand Dollars ($100,000.-00)."

Defendant says that the contract, a copy of which is attached to the complaint, embraces 13 printed pages and that the plaintiff's allegations, i. e., "defendant has failed and refused to carry out any and all of the provisions and terms of said agreement," are so general as to be insufficient to enable defendant to file a responsive pleading.

■ The words "any and all" are ambiguous since if defendant has failed to carry out only one provision of the contract, it has thereby failed to carry out "all of the provisions," in the sense of complete performance, whereas if defendant has failed to perform "any of the provisions" then it has breached each and every part of the contract.

■ Rule 8(e), Federal Rules of Civil Procedure, 28 U.S.C.A., permits the pleading of alternative or inconsistent claims subject to Rule 11 which provides that the attorney signing a pleading certifies that to the best of his knowledge, information and belief there is good ground to support the allegations therein. In this case the second cause of action is not clear enough to indicate whether it is alternative pleading. In other words, does the phrase "any and all" mean that plaintiff is charging defendant with a breach of each provision of the contract as well as the provision set forth in the first cause of action, or is plaintiff alleging something less than a breach of each and every provision of the contract?

■ The plaintiff should set forth clearly whether the second cause of action relates to an alleged breach of each and every provision of the contract or to some, but not all, of the provisions or is a pleading of both of the foregoing in the alternative. Further, if it is alleged that less than the

424

entire contract has been breached, the specific portions allegedly breached should be identified. Motion sustained.