**UNITED STATES of America,**
**Plaintiff,**

v.

**GUSTIN-BACON DIVISION, CERTAIN-**
**TEED PRODUCTS CORPORATION, a**
Corporation; Local 41 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Defendants.

**No. KC-2967.**

United States District Court
D. Kansas.
Aug. 11, 1969.

John N. Mitchell, Atty. Gen. of U. S., Washington, D. C., Jerris Leonard, Asst. Atty. Gen., Washington, D. C., Benjamin E. Franklin, U. S. Atty., Kansas City, Kan., Thos. E. Joyce, Asst. U. S. Atty., Kansas City, Kan., and Stuart P. Herman, John M. Rosenberg and K. W. O'Connor, Attys., Department of Justice, Washington, D. C., for plaintiff.

Leonard O. Thomas, of Weeks, Thomas, Lysaught, Bingham & Johnston, Kansas City, Kan., and William H. Sanders and William C. Nulton, of Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for defendant Gustin-Bacon.

S. M. Terbovich, Kansas City, Kan., and Joseph N. Miniace and James D. Shine, Kansas City, Mo., for Local 41.

MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Chief Judge.

This matter is before the court on the motion of defendant Gustin-Bacon for a more definite statement. The United States brought this action under 42 U.S.C. § 2000e-6, seeking an injunction against discriminatory employment prac-

tices allegedly being followed by the defendant. The motion is directed to paragraphs 8 and 9 of the complaint, which charge violations of the Civil Rights Act of 1964. Defendant contends that information concerning the dates and names of parties involved in the alleged violations of the Act set forth in paragraph 8 are necessary to enable it to frame its responsive pleading. Paragraph 9 of the complaint refers to "certain provisions" of the collective bargaining agreement between defendant Gustin-Bacon and defendant Local 41 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America which "perpetuate the effects of the discriminatory acts and practices of Gustin-Bacon." Specifically, the defendant desires that paragraph 9 of the complaint be amended to show the precise provisions of the agreement which constitute a violation of the Act.

■ I have examined the authorities pertinent to the questions which the motion raises and in particular the language of § 2000e–6(a). That provision in unmistakable terms requires that facts pertaining to a pattern or practice of discrimination be alleged in the complaint. The government argues and has presented authority from other districts that Congress, in using this language, did not intend to displace the notice pleading concept embodied in the Rules of Civil Procedure. However, the 1964 Civil Rights Act was enacted *after* the adoption of the Civil Rules which, to me, is persuasive that Congress did intend more than the giving of notice in cases initiated under the Act. I do not believe that the very specific requirements which a complaint must meet under § 2000e–6(a) were the result of congressional inadvertence or that Congress did not intend the clear import of the words used in this section. Perhaps the lawmakers feared harassing or sham actions with no basis in fact, and believed that a complaint or charge that was factual in nature would alleviate this danger. I must, therefore, respectfully decline to follow United States v. Building & Construction Trades Council of St. Louis, Mo., 271 F.Supp. 447 (E.D.Mo. 1966), and United States by Clark v. International Brotherhood of Electrical Workers, Local No. 683, 270 F.Supp. 233 (S.D.Ohio 1967) to the extent that they construe § 2000e–6(a) as not requiring the allegation of "facts pertaining to such pattern or practice."

■ In Bowaters Southern Paper Corporation v. Equal Employment Opportunity Commission, 304 F.Supp. 33, E.D. Tenn., (1969), the court reached the same conclusion that I have reached. Although that case dealt with the sufficiency of a charge by an EEOC Commissioner under § 2000e–5(a) rather than a complaint filed by the Attorney General under § 2000e–6(a), Congress has in closely similar language required in each of these subsections that facts supporting the complaint or charge be alleged. Furthermore, all of the provisions of § 2000e have the same purpose—to eliminate employment discrimination based upon race, religion, sex, or national origin. Congress has provided both an administrative and judicial procedure for eliminating such discrimination, but requires in either case that the party initiating the action state the facts which are alleged to constitute a violation of the statute.

■■ As to paragraph 9 of the complaint, Reed v. Fawick Airflex Company, 86 F.Supp. 822 (N.D.Ohio 1949) and United Electrical, Radio & Mach. Workers of America (CIO) Local 735 v. Harris-Seybold Co., 8 F.R.D. 422 (N.D. Ohio 1948), demonstrate instances in which motions for more definite statement were granted with respect to similar complaints. Although both involved breach of collective bargaining agreements, rather than a question under the Civil Rights Act of 1964, the following language from *Harris-Seybold* is equally applicable to this case:

" * * * Further, if it is alleged that less than the entire contract has been breached, the specific portions allegedly breached should be identified." (pp. 423–424)

Since the government has alleged that only certain provisions of the collective bargaining agreement between the two defendants in this case perpetuate the discriminatory practices of Gustin-Bacon, it should identify the provisions of the agreement that have this effect.

It is ordered that the motion of defendant Gustin-Bacon for a more definite statement be granted.