UNITED STATES of America, Appellant,

v.

GUSTIN–BACON DIVISION, CERTAIN-TEED PRODUCTS CORPORATION, a Corporation, and Local 41 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Appellees.

No. 713–69.

United States Court of Appeals, Tenth Circuit.

April 30, 1970.

Dennis F. Gordon, Atty., Dept. of Justice, Washington, D. C. (Jerris Leonard, Asst. Atty. Gen., Washington, D. C., David L. Rose, Atty., Dept. of Justice, Washington, D. C., and Robert L. Roth, U. S. Atty., Kansas City, Kan., on the brief), for appellant.

Leonard O. Thomas, Kansas City, Kan. (William H. Sanders and William C. Nulton, Kansas City, Mo., on the brief), for appellee Gustin-Bacon Division, Certain-Teed Products Corp.

Joel Pelofsky, Kansas City, Mo. (S. M. Terbovich, Kansas City, Kan., James D. Shine, Jr., and Joseph M. Miniace, Kansas City, Mo., on the brief), for appellee Local Union No. 41.

Before PICKETT, HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from an order dismissing an action brought by the United States Attorney General under 42 U.S.C.A. § 2000e–6(a). The single question on appeal is what Congress intended by requiring that complaints filed under 42 U.S.C.A. § 2000e–6(a) must set forth "facts pertaining to such pattern or practice."

In April, 1969, the United States Attorney General filed a complaint against appellee Gustin-Bacon Division, alleging that the company was engaged in a pattern or practice of employment discrimination against non-whites in the operation of its Kansas City, Kansas, plant. The complaint then particularized the specific practices which allegedly violat-

ed 42 U.S.C.A. § 2000e–2(a).[1] Those practices were: (1) Racially discriminatory hiring; (2) racially discriminatory job assignments; (3) racially discriminatory use of personnel tests in making job assignments; and (4) racially discriminatory promotions to supervisory positions. In addition, it was alleged that the local Teamsters Union was the bargaining agent for the hourly employees and that portions of the collective bargaining agreement operated to perpetuate the effects of the discriminatory practices engaged in by the company. The prayer requested injunctive relief to end the patterns and practices of racial discrimination and their discriminatory effects.

The Union answered, denying that its labor agreement with the company in any way served to perpetuate the effects of a pattern or practice of discrimination and further denied knowledge of the employment practices of the company. The company did not answer, but moved for a more definite statement pursuant to Rule 12(e), F.R.Civ.P., 28 U.S.C.A. The assertion was that the complaint was so vague that the defendant could not reasonably be required to frame a responsive pleading.[2] The United States opposed the motion but the court granted it, stating that 42 U.S.C.A. § 2000e–6(a) [3] unmistakably requires the complaint to contain facts pertaining to the pattern or practice of discrimination alleged and that the allegations here made were insufficient. 302 F.Supp. 759. The United States declined to comply with the order and re-

1. "(a) Failing to hire Negro and other non-white applicants for employment who are more qualified than white applicants who apply for the same or similar positions and are hired.

(b) Failing to assign its Negro and other non-white employees to the more desirable and better-paying jobs while reserving such jobs for its white employees and forcing out of such positions Negroes and other non-whites who have reached such jobs.

(c) Administering and grading tests for assignment to jobs in such manner as to give preferential treatment to white applicants and to exclude Negro and other non-whites similarly qualified.

(d) Failing to provide opportunities for advancement to supervisory positions to its Negro and other non-white employees equal to those opportunities provided to its white employees."

2. Gustin-Bacon sought the following information: "the dates when and names of Negro and other non-white applicants for employment which the defendant allegedly failed to hire and the names of the white applicants who allegedly were hired; the dates when and names of those Negro and other non-white employees which the defendant allegedly failed to assign and the names of the white employees who allegedly were assigned; the dates when and names of those Negroes and other non-whites which the defendant allegedly forced out of such positions; the dates when and names of white applicants and excluded Negro and other non-whites among whom the preferential administra-

tion and grading of tests for assignment to jobs was allegedly made; the dates when and names of Negro and other non-white employees to whom the defendant allegedly failed to provide opportunities for advancement to supervisory positions and the names of the white employees who allegedly were provided such opportunities."

Regarding the collective bargaining agreement, Gustin-Bacon requested "the article, paragraph and sentence(s) of said agreement which allegedly perpetuate the effects of the discriminatory acts and practices as described in said Complaint."

3. "(a) Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by this subchapter, and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described, the Attorney General may bring a civil action in the appropriate district court of the United States by filing with it a complaint (1) signed by him (or in his absence the Acting Attorney General), (2) *setting forth facts pertaining to such pattern or practice*, and (3) requesting such relief, including an application for a permanent or temporary injunction, restraining order or other order against the person or persons responsible for such pattern or practice, as he deems necessary to insure the full enjoyment of the rights herein described." [Emphasis added].

quested either certification of requested questions under 28 U.S.C.A. § 1292(b) or alternatively, involuntary dismissal so an appeal could be taken. The court dismissed the suit under Rule 41(b), F.R. Civ.P., 28 U.S.C.A.

The issue appellant raises on appeal is whether the court erred in holding that a complaint filed under 42 U.S.C.A. § 2000e–6(a) must contain facts which are pleaded in greater detail and with more specificity than required by Rule 8(a), F.R.Civ.P., 28 U.S.C.A.[4] There can be no argument that if Rule 8(a) governs the suit, the allegations fully informed the defendants of the nature of the claims made against them and the complaint thereby complied with that rule. And no argument can be put forth that under application of Rule 8(a), a Rule 12(e) motion for more definite statement would, in this case, be appropriate. The singular bone of contention here is whether in addition to the Rule 8(a) requirement of setting forth a claim upon which relief may be granted, complaints filed under 42 U.S.C.A. § 2000e–6(a) must allege facts in addition to those set out in this complaint. In the final analysis, the question narrows itself to one of congressional intent: What did Congress mean by requiring a complaint to set forth facts pertaining to a discriminatory pattern or practice?

■ The Civil Rights Act of 1964 originated in the House, giving the Equal Employment Opportunity Commission authority to investigate, conciliate and, if necessary, initiate civil actions to gain relief from unlawful employment practices. In the Senate, after months of debate, an amendment was offered to the House version placing authority to bring suit in the Attorney General of the United States. Although it was pointed out during the debates that the complaint must set forth facts pertaining to such pattern or practice, we are able to find nothing in that statement or any other statement made on the Senate floor which serves to elucidate what was intended by the setting forth facts requirement of the section. There is no contest as to the plenary power of Congress to statutorily supersede any or all of the Rules. But unless the congressional intent to do so clearly appears, subsequently enacted statutes ought to be construed to harmonize with the Rules, if feasible.[5]

By construing § 2000e–6(a) as the trial court interpreted it, is to reinstate a type of fact pleading which was eradicated by the current Federal Rules. Rule 8 of the Federal Rules of Civil Procedure was originally designed to circumvent the morass caused by the code pleading requirement of pleading facts constituting the cause of action. As Professor Moore points out, the "requirement that facts be pleaded is illusory and unsound; and results in a battle over the form of pleadings that does not advance the action to an adjudication on the merits." 2A Moore's Federal Practice ¶ 8.12, at 1692. To reinstate this type of pleading, even in the limited circumstances here involved, is to directly contradict the spirit and purpose of Rule 8(a) and the general concept of modern federal pleading. We find no suggestion in the Civil Rights Act of 1964 nor in the debates prior to its enactment, which supports appellees' contention that Congress intended to require the Attorney General to revert to a detailed pleading of evidentiary matters.[6]

---

4. "(a) Claims for Relief. A pleading which sets forth a claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *."

5. 7 Moore's Federal Practice ¶ 86.04 [4], at 4966.

6. Other cases similarly construing § 2000e–6(a) are: United States v. Georgia Power Co., 301 F.Supp. 538 (N.D.Ga. 1969); United States by Clark v. International Bro. of Elec. Wkrs., Local No. 683, 270 F.Supp. 233 (S.D.Ohio 1967); United States v. Building & Const. Trades Council of St. Louis, et al., 271 F.Supp. 447 (E.D.Mo.1966), rev'd on other grounds, 416 F.2d 123 (8th Cir. 1969).

■ We believe the facts set forth in the Government's complaint are sufficient under the requirements of 42 U.S. C.A. § 2000e–6(a). That section authorizes the Attorney General to institute a federal suit "[w]henever [he] has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by this subchapter, * * *." To do so, a complaint must be filed which sets forth facts *"pertaining* to such pattern or practice." There is no requirement here, as there is in § 2000e–5(a), that the charge set forth facts upon which it is based. We view that section and the one presently under consideration fundamentally variant because of the language employed, the persons governed by the sections, and the historical dissatisfaction with fact pleading in judicial forums. We thus do not feel bound by Bowaters Southern Paper Corporation v. Equal Employment Opportunity Commission, 304 F.Supp. ·33 (E.D.Tenn. May 5, 1969).

We have searched the debates recorded in volume 110 of the Congressional Record and are unable to find any expressed intent, clear or otherwise, which lends credence to the position assumed by appellees, i.e., a requirement of detailed pleading, setting forth such evidentiary matters as names, dates, places, etc., of discriminatory practices or patterns. Instead, from a full reading of the pertinent section of the Civil Rights Act, we think Congress meant that the Attorney General's belief, that a pattern or practice of racial discrimination in employment exists, must be reflected on the fact of the complaint. And that this may be done by a pleading of fundamental facts of the character herein alleged.

Here the Attorney General has, by enlarging upon the fundamental claims of job discrimination, alleged additional facts to clearly demonstrate his belief in the existence of an illegal pattern or practice of racial discrimination. The complaint here is adequate under the statute. This legal conclusion is also in keeping with the spirit of the Federal Rules of Civil Procedure, particularly Rule 8, and is consistent with § 2000e–6(a). The appellees are sufficiently apprised of the nature of the action and are able to frame an answer.

■ Under the circumstances of this case, appellee's motion for more definite statement is in reality but an attempt to discover evidentiary matters. Where, as here, the complaint contains facts reflecting a pattern or practice of racial discrimination, a Rule 12(e) motion is inappropriate and discovery ought to proceed in conformity with Rules 26–37, F.R.Civ.P., 28 U.S.C.A.

■ We conclude with one final observation. The last sentence of § 2000e–6(b) reads as follows: "It shall be the duty of the judge designated pursuant to this section to assign the case for hearing at the earliest practicable date *and to cause the case to be in every way expedited."* [Emphasis added]. This makes it abundantly clear that these controversies are of great urgency and must be disposed of promptly. Our decision rests in part on an awareness of that need for orderly but expeditious handling.

The orders, dismissing the action, granting the motion for more definite statement, and staying the taking of depositions and further discovery are set aside and the cause is remanded for further proceedings in conformity herewith.