**ADOLPH COORS COMPANY, Petitioner,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Respondent.**

**Civ. A. No. C-1698.**

United States District Court,
D. Colorado.

Jan. 8, 1971.

Bradley, Campbell, Carney & Johnson by Earl K. Madsen, Golden, Colo., for petitioner.

Charles Reischel, Equal Employment Opportunity Comm., Washington, D. C., for respondent.

### MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

This proceeding was initiated pursuant to certain provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Section 703(a) of the Act, 42 U.S.C. § 2000e-2(a) provides that it shall be an unlawful employment practice for an employer to discriminate against any individual because of his race, color, religion, sex, or national origin.

Section 706(a) of the Act, 42 U.S.C. § 2000-5(a) provides in pertinent parts:

"Whenever * * * a written charge has been filed by a member of the Commission where he has reasonable cause to believe a violation of this subchapter has occurred (and such charge sets forth the facts upon which it is based) that an employer * * * has engaged in an unlawful employment practice, the Commission shall furnish such employer * * * with a copy of such charge and shall make an investigation of such charge * * *. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion."

Pursuant to this provision of the Act, one of the commissioners filed a charge against the petitioner which reads as follows:

### "COMMISSIONER'S CHARGE"

"Pursuant to Title VII, Section 706(a) of the Civil Rights Act of 1964, I charge the following employer with unlawful employment practices:

Adolph Coors Company

Golden, Colorado.

"I have reasonable cause to believe that the above employer is within the jurisdiction of the Equal Employment Opportunity Commission and has violated and continues to violate Section 703(a) of the Civil Rights Act of 1964 by discriminating against Negroes, American Indians and Spanish Surnamed Americans on the basis of race or national origin, respectively, with respect to recruitment and hiring, in that the Respondent discriminatorily fails or refuses to recruit or hire Negroes, American Indians or Spanish Surnamed Americans in the same manner as it recruits and hires others.

/s/ Feb. 24, 1969

Date

/s/ Vincente T. Ximenes
Commissioner"

Section 710 of the Act, 42 U.S.C. § 2000e–9(a) authorizes the Commission, for the purposes of investigation of a charge filed, to require the production of documentary evidence relevant or material to the charge under investigation. Pursuant to this section, the Commission served the following demand upon petitioner:

"UNITED STATES OF AMERICA EQUAL EMPLOYMENT OPPORTUNITY COMMISSION DEMAND FOR ACCESS TO EVIDENCE AND COMPLIANCE TO GIVE TESTIMONY UNDER OATH"

"To: Adolph Coors Company
Golden, Colorado

RE: Vicente T. Ximenes
Charge File No.
TAL9CO362

ATTN: Mr. Russell Hargis
Vice President, Personnel and Industrial Relations
Adolph Coors Company"

"Pursuant to Section 710 of the Civil Rights Act of 1964, you and each of you are hereby required and directed to furnish EVERETT O. WARE, a duly authorized representative of the Equal Employment Opportunity Commission, at Adolph Coors Company, Golden, Colorado, and all its area affiliates, on August 21, 1969, the information within your possession or control as set forth below:

"1.  List of all employees showing date hired, job title, rate of pay, and ethnic or racial identity.

"2.  Provide job qualifications for all job classifications.

"3.  Copies of all employment tests used and the norms.

"4.  List of promotions from July 1, 1968 to June 30, 1969, including job classification and ethnic or racial identity.

"5.  List of job openings from July 1, 1968 to June 30, 1969.

"6.  List of recruitment sources and copies of employment requests.

"7.  Make available for examination all job applications, and copy as needed.

"8.  List of all employees terminated for cause from July 1, 1960 to June 30, 1969.

"9.  Make available for interview under oath any agent, official, or employee and examine any records of Adolph Coors Company relevant to Charge File No. TAL9CO362.

"10.  Permission to tour and observe employees at work at the Adolph Coors Company facility at Golden, Colorado.

"11.  Copy of most recent EEO–1 form.

"If you fail to comply with this DEMAND, the Commission may cause said Commission to apply to the United States District Court for an order requiring compliance with the DEMAND, as provided for in Sections 709 and 710 of the Civil Rights Act of 1964, 42 U.S.C. 2000e (8–9).

IN TESTIMONY WHEREOF I have hereunto set the seal of the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and have affixed my signature this 1st day of August, 1969.

EQUAL EMPLOYMENT OP-
PORTUNITY COMMISSION
Suite 1000, First National Bank
Building, East, 5301 Central Av-
enue N. E., Albuquerque, New
Mexico 87108

/s/ Tom E. Robles

TOM E. ROBLES

Director

EQUAL EMPLOYMENT OP-
PORTUNITY COMMISSION"

Section 2000e–9(c) provides in perti-
nent parts:

"Within 20 days after the service up-
on any person charged under Section
2000e–5 of this title of a demand by
the Commission for the production of
documentary evidence or for permis-
sion to examine or copy evidence in
conformity with the provisions of sec-
tion 2000e–8(a) of this title, such per-
son may file in the district court of the
United States for the judicial district
in which he resides, is found, or trans-
acts business, and serve upon the Com-
mission a petition for an order of such
court modifying or setting aside such
a demand."

Pursuant to this section, the petitioner
filed a petition in this Court for an order
to set aside or modify the demand of the
Commission. Although the petition rais-
es many questions and issues, the
threshold question is the validity or in-
validity of the commissioner's charge, for
it is upon this charge that all subsequent
proceedings by the Commission are based.
If the commissioner's charge is invalid
so also is the Commission's demand for
evidence and testimony under oath and,
therefore, we will not reach the other
questions raised by the parties at this
time.

The petitioner contends that the "de-
mand" is based upon an invalid charge
in that the charge does not comply with
the requirement of Section 2000e–5(a),
which requires that the charge set forth
the facts upon which it is based.

Briefs have been filed in support of
and in opposition to the petition, which
thoroughly discuss the question of
whether or not the charge in this case
complies with this requirement of stat-
ute. The commissioner's charge in this
case states that he has reasonable cause
to believe that the petitioner has violated
the statute by discrimination on the basis
of race, color, and national origin, but
the charge is completely devoid of any
facts to support the conclusion of the
commissioner that he has "reasonable
cause to believe" that there has been a
violation.

In the Court's opinion, the re-
quirement that the charge set forth the
facts upon which it is based, is a neces-
sary prerequisite to a valid charge and
a valid charge is a necessary prerequi-
site to a valid demand, pursuant to Sec-
tion 2000e–9.

The arguments of the Commis-
sion to the contrary and the authority
cited in support of the Commission's ar-
gument are not persuasive. The Court
should not and cannot ignore the Con-
gressional mandate that the charge must
be supported by the facts which led the
commissioner to believe that a violation
had occurred. The mere conclusory
statement that the commissioner has
"reasonable cause to believe" there has
been a violation by discrimination is not
a statement of fact. The Court concludes
the charge does not meet the statutory
requirements and is invalid; that the
demand served upon petitioner is like-
wise invalid, and should be set aside.

It is therefore ordered, adjudged and
decreed, that the demand served upon the
petitioner is hereby set aside. Final
judgment setting aside the demand shall
be forthwith entered.