**GENERAL EMPLOYMENT ENTERPRISES, INC., an Illinois corporation, Plaintiff-Appellee,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant-Appellant.**

No. 18571.

United States Court of Appeals, Seventh Circuit.

March 30, 1971.

Stanley P. Hebert Gen. Counsel, Russell Specter, Deputy Gen. Counsel, David Cashdan, George H. Darden, Attys. E. E.O.C., Washington, D. C., William J. Bauer, U. S. Atty., Chicago, Ill., for defendant-appellant.

Marvin L. Herman, Levin & Berger, Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, and KERNER and PELL, Circuit Judges.

PER CURIAM.

Pursuant to Sections 709(a) and 710(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(a) and 9(a), the Equal Employment Opportunity Commission filed a Demand for Access to Evidence of appellee, General Employment Enterprises. Within the statutory period allowed in Section 710(c), appellee filed a petition for an Order Quashing Demand for Access to Evidence which was granted by the district court.

The sole question on appeal is whether the Commissioner's charge sets forth facts with sufficient specificity to warrant enforcement of the Commission's demand for access to evidence. The charge by the Commissioner alleged that he had reasonable cause to believe that appellee had violated and continues to violate the Civil Rights Act by "discriminatorily failing or refusing to hire Negroes and Jewish people."

Section 706(a) of the Civil Rights Act and Commission regulations (§ 1601.11)

require the Commissioner to set forth facts upon which the charge is based. We hold that the Commissioner has satisfied this requirement by alleging a discriminatory refusal to hire based on present and past employment practices. Bowaters Southern Paper Corporation v. Equal Employment Opportunity Commission, 428 F.2d 799 (6th Cir. 1970). Since a Commissioner's charge does no more than initiate administrative fact finding and voluntary conciliation, we see no reason to impose the pleading standards applicable under the Federal Rules of Civil Procedure. This is consistent with the broad remedial purposes of the Act which could only be thwarted by sustaining technical defenses of alleged violators.

For these reasons we reverse the Order of the district court with directions to enforce the Commission's Demand for Access to Evidence.

Reversed with directions.