461 F.2d 1055
 4 Fair Empl.Prac.Cas. 29, 4 Empl. Prac. Dec. P 7575,
4 Empl. Prac. Dec. P 7869
SPARTON SOUTHWEST, INC., Appellee,
v.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al., Appellants.
No. 668-70, 669-70.
UNITED NUCLEAR-HOMESTAKE PARTNERS, Appellee,
v.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and Vicente T.
Ximenes, Appellants.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 29, 1971.
On Rehearing En Banc June 14, 1972.
Rehearings Denied July 31, 1972.
 
 Robert Wallace, Washington, D. C. (Stanley P. Hebert, Gen. Counsel, Jack de J. Pemberton, Jr., Deputy Gen. Counsel, Julia P. Cooper, Chief, Appellate Section, and Robert Fitzpatrick, Atty., E. E. O. C., Washington, D. C., with him on the brief), for appellants.
 Charles C. Spann, of Grantham, Spann, Sanchez & Rager, Albuquerque, N. M., for Sparton Southwest, Inc.
 Leonard L. Pickering, Albuquerque, N. M., for United Nuclear-Homestake Partners.
 Before SETH and DOYLE, Circuit Judges, and KERR, District Judge.
 SETH, Circuit Judge.
 
 
 1
 The appellee corporations, United Nuclear-Homestake Partners, and Sparton Southwest, Inc., in separate actions which were consolidated in the trial court, pursuant to 42 U.S.C. Sec. 2000e-9(c), filed petitions seeking to have set aside demands made by the Equal Employment Opportunity Commission for the production of records and to take depositions. The Commission filed its answers to the petitions, and filed cross-petitions for enforcement of its demands. After hearings, the trial court set aside the demands of the Commission, and denied relief on the cross-petitions. The Commission has taken these appeals.
 
 
 2
 The charges which gave rise to the demands for records were filed by one of the Commissioners against the appellee corporations under 42 U.S.C. Sec. 2000e-5(a), section 706(a) of the Civil Rights Act of 1964. The Commissioner's charge against United Nuclear-Homestake Partners was as follows:
 
 
 3
 "COMMISSIONER'S CHARGE
 
 
 4
 "Pursuant to Title VII, Section 706(a) of the Civil Rights Act of 1964, I charge the following employer with unlawful employment practices:
 
 
 5
 "United Nuclear Homestake Partners
 
 P. O. Box 98
 Grants, New Mexico 87020
 
 6
 "I have reasonable cause to believe that the above employer is within the jurisdiction of the Equal Employment Opportunity Commission and has violated and continues to violate Section 703 of the Civil Rights Act of 1964 by discriminating against Negroes, Indians and Spanish Surnamed Americans on the basis of race and/or National Origin with respect to recruiting and hiring and other terms and conditions of employment, inter alia:
 
 
 7
 "Respondent discriminatorily fails and/or refuses to recruit and/or hire Negroes, Indians and Spanish Surnamed Americans in the same manner it recruits and/or hires Anglos.
 
 
 8
 "Respondent discriminatorily maintains occupational categories that are restricted to exclude Negroes, Spanish Surnamed Americans and Indians."
 
 
 9
 The Commissioner's charge filed against Sparton Southwest, Inc. was identical to the above charge except it contained this additional paragraph:
 
 
 10
 "Respondent discriminatorily maintains separate job classifications on the basis of sex."
 
 
 11
 The trial court held that the charges filed were not sufficient to meet the requirements contained in 42 U.S.C. Sec. 2000e-5(a) in that they did not assert any basis in fact. Thus there was no authority for the requests for documents or depositions.
 
 
 12
 The statutory provision for the charges is in part as follows (42 U.S.C. Sec. 2000e-5(a)):
 
 
 13
 "Whenever it is charged in writing under oath by a person claiming to be aggrieved, or a written charge has been filed by a member of the Commission where he has reasonable cause to believe a violation of this subchapter has occurred (and such charge sets forth the facts upon which it is based) that an employer, employment agency, or labor organization has engaged in an unlawful employment practice, the Commission shall furnish such employer, employment agency, or labor organization (hereinafter referred to as the 'respondent') with a copy of such charge and shall make an investigation of such charge, provided that such charge shall not be made public by the Commission."
 
 
 14
 The issue on appeal is thus whether the statutory provision quoted above requires that a charge filed by a Commissioner must "* * * sets forth the facts upon which it is based," that is, whether the parenthetical portion of the section refers to the charges filed by a Commissioner, and is a requirement.
 
 
 15
 In our opinion the trial court was correct in its holding that Congress by the portion in parentheses has expressly provided that the basic facts supporting a charge filed by a Commissioner be set forth therein.
 
 
 16
 We have not heretofore directly considered this issue, but we did construe a portion of the statute in United States v. Gustin-Bacon Division, Certain-Teed Products Corp., 426 F.2d 539 (10th Cir. 1970). The portion there considered permits the Attorney General to file civil actions in a United States District Court. 42 U.S.C. Sec. 2000e-6(a). We there held that since the provisions concerned the filing of civil actions in the federal courts the statutory reference was governed by the Federal Rules of Civil Procedure relating specifically to pleading. 42 U.S.C. Sec. 2000e-6(a), there concerned, contained language similar to the section here to be construed in that it stated that the complaint to be filed in court by the Attorney General should be one "* * * setting forth facts pertaining to such pattern or practice. * * *" The section there also provided that the Attorney General have "reasonable cause to believe" a violation has occurred. As mentioned, we there held that the Federal Rules of Civil Procedure governed the contents of complaints to be filed in the district courts, but in so doing we contrasted section 2000e-6(a) with section 2000e-5(a) with which we are here concerned. We there said: "There is no requirement here, as there is in Sec. 2000e-5(a), that the charge set forth facts upon which it is based."
 
 
 17
 Under the Gustin-Bacon case and what we consider to be the proper construction of the Act, we hold that 42 U. S.C. Sec. 2000e-5(a) does require a recitation of the basic facts on which the charges filed by a Commissioner are based. Thereby the statutory language inserted in the parentheses "and such charge sets forth the facts upon which it is based," is given the application apparently intended. The sentence in which the critical words appear refers to the alternatives, charges by a person aggrieved or charges filed by a Commissioner, and the language in the parentheses by ordinary construction refers to the Commissioner's charges. It would appear that Congress did not wish to require an employee or a person who was directly involved to be required to do anything more than make a charge in writing. It is certainly reasonable to place a greater requirement on a member of the Commission.
 
 
 18
 The principal case reaching a contrary result is Bowaters Southern Paper Corp. v. E.E.O.C., 428 F.2d 799 (6th Cir.). The court there held in a case very similar to this one that language was not a requirement as to the contents of the charge. A similar holding without discussion appears in General Employment Enterprises, Inc. v. E.E.O.C., 440 F.2d 783 (7th Cir.). But we instead follow the distinction made by this court in Gustin-Bacon, as a proper interpretation of the statutory provision and to give effect to all of the language contained in it.
 
 
 19
 Affirmed.
 
 DOYLE, Circuit Judge (dissenting):
 
 20
 I respectfully dissent. If the majority's narrow and technical construction of the statute ultimately prevails, the Commission would be hamstrung in that it would have to have made its investigation before launching discovery proceedings, and after all that is the only purpose of the Commissioner's complaint. The complaint's object is to obtain the facts so that conciliation efforts can be carried out. To require the Commission to have the facts before it starts thwarts the entire purpose of the Act. If specific evidence is set forth, the scope of the investigation would thereby be restricted to that transaction, hence there would be no opportunity for the Commission to conduct an investigation of general employment practices such as are described in the complaint at bar.
 
 
 21
 The other circuits which have considered the question have given this statutory provision, 42 U.S.C. Sec. 2000e-5(a), a less technical and more reasonable construction. See General Employment Enterprises, Inc. v. Equal Employment Opportunity Commission, 440 F.2d 783 (7th Cir. 1971); Bowaters Southern Paper Corporation v. E. E. O. C., 428 F.2d 799 (6th Cir. 1970); Graniteville Company (Sibley Division) v. E. E. O. C. (private complaints), 438 F.2d 32 (4th Cir. 1971); and Local 104 Sheet Metal Workers International Association v. E. E. O. C., 439 F.2d 237 (9th Cir. 1971). The fact that the majority opinion herein stands alone does not, of course, of itself condemn it. It should, though, give pause.
 
 
 22
 Finally, technical rules of pleadings such as existed at early common law are out of harmony with present-day practice, and certainly Congress did not intend to resurrect these ancient principles, the only effect of which is to clear cases from the dockets without the necessity for examining their merits.
 
 ON PETITION FOR REHEARING EN BANC
 
 23
 Before LEWIS, Chief Judge, and HILL, SETH, HOLLOWAY, McWILLIAMS, BARRETT and DOYLE, Circuit Judges.
 
 
 24
 WILLIAM E. DOYLE, Circuit Judge.
 
 
 25
 We are here called on to determine the sufficiency of a Commissioner's charge of employment discrimination, which charge was instituted pursuant to 42 U.S.C. Sec. 2000e-5(a), a provision of the 1964 Civil Rights Act. The trial court ruled that the charge was insufficient in failing to set forth the facts upon which it was based. We here conclude that the charge was sufficient to comply with the requirement of the relevant statutory provision.[1]
 
 
 26
 The charges herein are substantially the same in respect to each of the respondents. The charging part of each complaint eliminating the formal parts is as follows:
 
 
 27
 "COMMISSIONER'S CHARGE
 
 
 28
 ******
 
 
 29
 * * *
 
 
 30
 "I have reasonable cause to believe that the above employer is within the jurisdiction of the Equal Employment Opportunity Commission and has violated and continues to violate section 703 of the Civil Rights Act of 1964 by discriminating against Negroes, Indians and Spanish Surnamed Americans on the basis of race and/or National Origin with respect to recruiting and hiring and other terms and conditions of employment, inter alia:
 
 
 31
 "Respondent discriminatorily fails and/or refuses to recruit and/or hire Negroes, Indians and Spanish Surnamed Americans in the same manner it recruits and/or hires Anglos.
 
 
 32
 "Respondent discriminatorily maintains occupational categories that are restricted to exclude Negroes, Spanish Surnamed Americans and Indians."
 
 
 33
 The Sparton Southwest complaint adds the following having to do with sex:
 
 
 34
 "Respondent discriminatorily maintains separate job classifications on the basis of sex."
 
 
 35
 The determinative question is thus seen as whether a general description is sufficient to activate the discovery process or whether evidence must be particularly laid out. We have not heretofore considered this specific question although in United States v. Gustin-Bacon Division, Certain-Teed Products Corp., 426 F.2d 539 (10th Cir. 1970), we construed 42 U.S.C. Sec. 2000e-6(a) which is the section which authorizes the Attorney General to file an action in federal court. It is true that Sec. 2000e-6(a) merely requires the Attorney General to have reasonable cause to believe that if any person "* * * is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by this subchapter * * *", the Attorney General may bring a civil action upon setting forth the facts pertaining to such pattern or practice. This court upheld a complaint which contained only conclusions of fact; in so doing we reasoned that it is not the intent of Congress to alter the fundamental pleading philosophy which obtains in federal courts. The court did point out in that case that the fact requirement of Sec. 2000e-5(a) is different. We disagree with the contention that Gustin-Bacon anticipated and ruled on the question which is now before us. We do not consider this reference as any binding commitment. In our view, the reasoning and spirit of Gustin-Bacon is fully in accord with the decision which we reach here. The other circuits which have considered the identical question before us have ruled that complaints similar to the present ones were sufficient. See General Employment Enterprises, Inc. v. Equal Employment Opportunity Commission, 440 F.2d 783 (7th Cir. 1971); Bowaters Southern Paper Corporation v. E.E.O.C., 428 F.2d 799 (6th Cir. 1970); Graniteville Company (Sibley Division) v. E.E.O.C. (private complaints), 438 F. 2d 32 (4th Cir. 1971); and Local 104 Sheet Metal Workers International Association v. E.E.O.C., 439 F.2d 237 (9th Cir. 1971).
 
 
 36
 In Bowaters the exact issue was involved, and the court determined that it was sufficient to describe the types of discrimination which were being practiced.
 
 
 37
 Similarly, in Graniteville general descriptions were upheld, the court saying that to require more facts would "be tantamount to requiring a prima facie case as an element of the initial charge." 438 F.2d at 38.
 
 
 38
 In Sheet Metal Workers International Association the charge was much less specific than in that at bar. In overruling the contention of the Union the court pointed out that in these days of discovery in advance of trial "it would be incongruous for Congress to create an administrative agency to function in a new sensitive and socially and economically important field", and at the same time curtail the agency's functions in investigation and persuasion. See 439 F.2d at 242.
 
 
 39
 In General Employment Enterprises, Inc. the Commissioner's charge simply alleged that the employer discriminatorily failed or refused to hire Negroes or Jewish people. Again that court pointed out that the charge did no more than initiate an administrative fact finding and conciliation proceeding and did not call for the imposition of pleading standards required by the Federal Rules of Civil Procedure.
 
 
 40
 Appellees at bar would have us impose a standard even more strict than that required by our Rules of Civil Procedure, notwithstanding that the pleadings are even less significant in the administrative process than in the judicial.[2]
 
 
 41
 In Love v. Pullman, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), the Supreme Court dealt with provisions of Secs. 706(b) and (d) of the Act which require the E.E.O.C. to abstain in order to allow state agencies to consider discrimination complaints prior to E.E.O.C. action. The Court concluded that the E.E. O.C. policy of referring charges to the appropriate state agency satisfied the statutory requirement that no complaint be filed with the E.E.O.C. until the state agency has had at least 60 days to act and that the complaint with the E.E.O.C. be filed within 30 days of the termination of state proceedings (i. e. that the 60 days did not in all cases have to run). The Supreme Court said:
 
 
 42
 To require a second "filing" by the aggrieved party after termination of state proceedings would serve no purpose other than the creation of an additional procedural technicality. Such technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers initiate the process. 404 U.S. at 526-527, 92 S.Ct. at 619.
 
 
 43
 It is not the array of authorities alone which persuades us that the view we here adopt is correct; also a compelling reason is that the procedure urged by the appellees would thwart the operation of Sec. 2000e-5(a) of the Act. To require the charge to contain a specific bill of particulars would necessarily limit the scope of the investigation to the particular transaction or transactions meticulously described, and at the same time would curtail the discovery mission of the Commission, whereby the function Congress charged it to carry out would surely fail. Thus the only rational approach is a non-technical one which is concerned not with the niceties of form but rather with the broad substantial objectives of this measure.
 
 
 44
 Accordingly, we must hold that the charges in these two cases are sufficient and that the district court erred in dismissing the Commissioner's petitions for enforcement. Therefore, the judgments are reversed and the causes are remanded with instructions to the district court to reinstate the complaints and to enforce them.
 
 
 45
 SETH, Circuit Judge, dissenting, in which HILL and BARRETT, Circuit Judges, join:
 
 
 46
 The charge with which we are here concerned was filed by one of the Commissioners, and for its reference to the facts states that the Commissioner had "reasonable cause to believe" that the employer concerned was violating the Civil Rights Act. This was the sole reference to any facts upon which the charge, concerning recruiting and occupational categories, was based. The issue is whether the statute referring to charges requires a statement of facts when the filing is by a Commissioner rather than by an employee.
 
 
 47
 The statutory provision as to charges is in part as follows [42 U.S.C. Sec. 2000e-5(a)]:
 
 
 48
 "Whenever it is charged in writing under oath by a person claiming to be aggrieved, or a written charge has been filed by a member of the Commission where he has reasonable cause to believe a violation of this subchapter has occurred (and such charge sets forth the facts upon which it is based) that an employer, employment agency, or labor organization has engaged in an unlawful employment practice, the Commission shall furnish such employer, . . . provided that such charge shall not be made public by the Commission."
 
 
 49
 The requirement in parentheses must have some significance, and an ordinary reading of the section leads to the conclusion that a distinction between charges filed by an aggrieved person, and by a Commissioner was intended by Congress. It would appear that Congress did not wish to require an employee or a person who was directly involved to be required to do anything more than make a charge in writing. It is certainly reasonable to place a greater requirement on a member of the Commission. To reach a contrary result is either to ignore the requirement entirely, as does the majority, or to apply it to both the aggrieved person and a Commissioner. We made a similar distinction by way of dictum in United States v. Gustin-Bacon Div., Certain-Teed Products Corp., 426 F.2d 539 (10th Cir.), and it was the proper one.
 
 
 50
 There is no contention made that the charge contain a bill of particulars, only that it follow the statutory admonition that it set forth "facts." The question here is the filing of charges by a Commissioner, and certainly these can and should be based on "facts," otherwise the standard to govern the filing of charges is deleted from the Act.
 
 
 51
 It is always tempting to reach a conclusion based on general purposes and objectives, the remedial nature of the statute, and to ignore technicalities, but it should not be done in the face of statutory restrictions which Congress has enacted and which the board or agency wishes to ignore in an effort to simplify its administrative problems.
 
 
 52
 I would affirm the District Court as the charges must conform to the statute before the demand for books and records is proper.
 
 
 
 [1]
 Section 2000e-5(a) provides in pertinent part:
 (a) Whenever it is charged in writing under oath by a person claiming to be aggrieved, or a written charge has been filed by a member of the Commission where he has reasonable cause to believe a violation of this subchapter has occurred (and such charge sets forth the facts upon which it is based) that an employer, employment agency, or labor organization has engaged in an unlawful employment practice * * *
 The controversial wording is that which appears in parentheses.
 
 
 [2]
 See 1 Davis, Administrative Law Treatise, Sec. 8.04 p. 523