**ADOLPH COORS COMPANY,**
Petitioner-Appellee,

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant-Appellant.**

No. 71–1156.

United States Court of Appeals,
Tenth Circuit.

Aug. 7, 1972.

Rehearing Denied Oct. 4, 1972.

Daugherty, District Judge, dissented and filed opinion.

Earl K. Madsen of Bradley, Campbell & Carney, Golden, Colo. (Leo N. Bradley, Golden, Colo., with him on the brief), for petitioner-appellee.

Charles L. Reischel, Atty., Equal Employment Opportunity Comm. (Stanley P. Hebert, Gen. Counsel, John de J.

Pemberton, Jr., Deputy Gen. Counsel, and Julia P. Cooper, Chief, Appellate Section, Equal Employment Opportunity Commission, on the brief), for defendant-appellant.

Before HOLLOWAY and DOYLE, Circuit Judges, and DAUGHERTY, District Judge.

PER CURIAM.

This is an appeal from a judgment of the District Court setting aside a demand of the Equal Employment Opportunity Commission for access to evidence and compliance to give testimony under oath. Without considering other questions raised by appellee's petition to set aside the Commission's demand, the District Court concluded that the initial Commissioner's charge was invalid for failing to state facts as required by 42 U.S.C.A. § 2000e-5(a), and that all proceedings based thereon were invalid. 320 F.Supp. 1025.[1]

Disposition of this appeal has been deferred pending the en banc opinion on a similar question in Sparton Southwest, Inc., v. Equal Employment Opportunity Commission, 461 F.2d 1055 (10th Cir., filed June 14, 1972). We are satisfied that the *Sparton Southwest* opinion controls here since the charges and the question of their sufficiency are substantially the same as here. Accordingly, the judgment is vacated and the cause is remanded for further proceedings and consideration of other issues relating to the Commission's demand.

DAUGHERTY, District Judge (dissenting):

I dissent to vacating the judgment and remanding the case for further proceedings as I feel that the majority opinion in Sparton Southwest, Inc. v. Equal Employment Opportunity Commission, et al., 461 F.2d 1055 (Tenth Cir. 1972) relied on herein by the majority opinion, has been incorrectly decided.

It seems crystal clear to me that by the language of 42 U.S.C. § 2000e-5(a)[1] Congress intended to differentiate between the contents of a charge filed by an aggrieved person or employee and a charge filed by a member of the Commission. More is required in a charge filed by a member of the Commission. His charge must set forth the facts upon which it is based. This is clearly the Congressional mandate. This is not required of an aggrieved person or employee. He may indulge in bald conclusions. The reasons for such a differential are readily apparent and the distinction has a rational basis. The language of Congress intending the difference is clear.

To fail to recognize this pertinent statutory distinction is to ignore Congress and usurp its legislative function. This I decline to do. I believe the dissenting opinion in *Sparton Southwest, supra,* correctly decides the point in issue.

1. The Commissioner's charge is set forth in full in the District Court's opinion, 320 F.Supp. at 1025–1026. In substance the charge states that the Commissioner had reasonable cause to believe that appellee was discriminating against Negroes, American-Indians and Spanish surnamed Americans on the basis of race or national origin with respect to recruitment and hiring.

1. This section provides in pertinent part: "(a) Whenever it is charged in writing under oath by a person claiming to be aggrieved, or a written charge has been filed by a member of the Commission where he has reasonable cause to believe a violation of this subchapter has occurred (and such charge sets forth the facts upon which it is based) that an employer, employment agency, or labor organization has engaged in an unlawful employment practice  *  *  *"