**UNITED STATES STEEL CORPO-RATION, Plaintiff-Appellant,**

v.

**UNITED STATES of America et al., Defendants-Appellees.**

No. 72–1560.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted March 27, 1973.

Decided April 19, 1973.

Rehearing Denied May 10, 1973.

George W. Latimer, of Parsons, Behle & Latimer, Salt Lake City, Utah (Erie V. Boorman of Parsons, Behle & Latimer, Salt Lake City, Utah, on the brief), for plaintiff-appellant.

Peter W. Gross, Atty., E. E. O. C. (C. Nelson Day, U. S. Atty., Salt Lake City, Utah, and William A. Carey, Gen. Counsel, John de J. Pemberton, Jr., Deputy Gen. Counsel, Julia P. Cooper, Chief, Appellate Div. and George H. Weiler, III, Atty., E. E. O. C., on the brief), for defendants-appellees.

Before BREITENSTEIN and DOYLE, Circuit Judges, and TALBOT SMITH,* District Judge.

---

* Sitting by designation.

1. 42 U.S.C. § 2000e–5(a) provides in relevant part:
(a) Whenever it is charged in writing under oath by a person claiming to be aggrieved, or a written charge has been filed by a member of the Commission

PER CURIAM.

On March 2, 1971, the Commissioner of the Equal Employment Opportunity Commission alleged in a complaint filed before the Commission, pursuant to § 706 (a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(a), that he had reasonable cause to believe that appellant, United States Steel Corp., Inc., had violated and continued to violate § 703(a) of the Act by discriminating against Negroes, American Indians and Spanish surnamed Americans on the basis of race and/or national origin in recruitment, hiring and promotional opportunities. Pursuant to §§ 709(a) and 710(a) of the Act, the EEOC filed a Demand for Access to Evidence of appellant. Within the allowed statutory period provided by § 710(c), appellant filed a petition in the United States District Court for the District of Utah, Central Division, to Dismiss Commissioner's Charge and to Set Aside or Modify Demand for Access to Evidence. The EEOC cross-petitioned for an order enforcing its demand. In a Memorandum Decision filed September 2, 1971, the District Court denied appellant's petition and allowed the cross-petition of appellees seeking enforcement of its demand for access to evidence.

The sole issue before this court is whether the Commissioner's charge sets forth facts with sufficient specificity to satisfy the requirements of 42 U.S.C. § 2000e–5(a) [1] and thus warrant the enforcement of the Commissioner's demand for access to evidence. The charge by the Commissioner alleged:

Respondent discriminatorily fails and/or refuses to recruit and/or hire Negroes, American Indians in the same manner in which it hires and/or recruits Anglos.

where he has reasonable cause to believe a violation of this subchapter has occurred (and such charge sets forth the facts upon which it is based) that an employer, employment agency, or labor organization has engaged in an unlawful employment practice * * *

Respondent discriminatorily fails to provide Negroes, American Indians, and Spanish Surnamed Americans with an equal opportunity for promotions.

Subsequent to the district court's decision in this case, denying the motion of appellant and granting relief to the Commissioner, we dealt with the mentioned issue now presented here for review. *See* Mountain States Tel. & Tel. Co. v. EEOC, 466 F.2d 541 (10th Cir. 1972); Coors Co. v. EEOC, 464 F.2d 1270 (10th Cir. 1972, cert. denied, 410 U.S. 929, 93 S.Ct. 1365, 35 L.Ed.2d 584; Sparton Southwest, Inc. v. EEOC, 461 F.2d 1055 (10th Cir. 1972). These decisions control the present controversy. Accordingly, the judgment of the district court is affirmed.