Howard C. GREEN, et al., Appellants,

v.

DISTRICT OF COLUMBIA, a municipal corporation.

No. 82–1916.

United States Court of Appeals, District of Columbia Circuit.

Argued March 30, 1983.

Decided June 28, 1983.

Melvin A. Marshall, Takoma Park, Md., for appellants.

William J. Earl, Asst. Corp. Counsel, Washington, D.C., of the Bar of the Dist. of Columbia Court of Appeals, pro hac vice, by special leave of the Court, with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before WALD, Circuit Judge, and BAZELON and MacKINNON, Senior Circuit Judges.

Opinion for the Court filed by Senior Circuit Judge MacKINNON.

MacKINNON, Senior Circuit Judge:

We publish this opinion because of the rarity with which the "Police Regulations" of the District of Columbia find their way into appellate decisions and because we desire to make available in published form the background, authority for, and legal validity of such regulations.

In August 1981, appellants were arrested without a warrant for shooting dice on a privately-owned parking lot in plain view of the arresting officers, who had been standing on a public sidewalk. The officers charged appellants under D.C. Police Regulations, Article 25, § 7 (hereinafter "§ 7"), which prohibits gambling on vacant or unoccupied property where the conduct can be seen or heard from a public highway. Appellants each posted $10 collateral, which they forfeited. They subsequently brought this damage action in the United States District Court against the District of Columbia for alleged violations of their constitutional rights under the Fourth, Fifth, and Sixth Amendments. The district court dismissed the suit and we affirm.

Appellants' attempts to assail the validity of § 7 for the District's failure to comply with the terms of the D.C. Administrative Procedure Act (APA) are unconvincing. First, while the APA requires that an existing regulation like § 7 must be published in the D.C. Register within one year after the effective date of the APA (i.e.,

October 21, 1969), *see* D.C.Code § 1–1507 (1981), that requirement was satisfied when the Police Regulations were incorporated by reference into the Special Edition of the D.C. Register on July 27, 1970. 1 D.C.R.R. 300.1; *see D.C. Human Relations Commission v. National Geographic Society,* 475 F.2d 366 (D.C.Cir.1973).

■ Second, the APA originally required that all D.C. regulations be published in the D.C. Municipal Regulations by July 1, 1981. D.C.Code § 1–1538(a) (1981). As appellants observe, these regulations were not published by that deadline. But the July 1 deadline had been extended to December 31, 1981 *before* appellants were arrested. D.C.Act 4–56 (28 D.C.R. 3183), effective July 1, 1981; D.C. Law 4–41 (28 D.C.R. 4719), effective October 17, 1981. Thus § 7 was not rendered ineffective by failure to meet the original July 1 deadline.

■ Third, Congress clearly authorized the Council to make and enforce § 7 as a Police Regulation under D.C.Code § 1–319 (1981), which provides:

> The Council of the District of Columbia is hereby authorized and empowered to make, and the Mayor of the District of Columbia is hereby authorized and empowered to enforce, all such reasonable and usual police regulations in addition to those already made under §§ 1–315 and 1–318, as the Council may deem necessary for the protection of lives, limbs, health, comfort and quiet of all persons and the protection of all property within the District of Columbia. (Feb. 26, 1892, 27 Stat. 394, Res. No. 4, § 2; 1973 Ed., § 1–226.)

Appellants do not contest that § 7 falls legitimately within the scope of this broad authority. The regulation is valid.

■ Even if § 7 were not valid, however, appellants could not prevail. An arrest pursuant to a presumptively valid ordinance is lawful even if the ordinance is later held invalid. *Michigan v. DeFillippo,* 443 U.S. 31, 36–37, 99 S.Ct. 2627, 2631–2632, 61 L.Ed.2d 343 (1979). Consequently, appellants have not demonstrated that the arrests themselves were unlawful.

In sum, the regulation was valid, and the arrests were lawful even if the regulation was not valid. The decision of the district court, therefore, is affirmed.

*Judgment Accordingly.*